**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
Shaun Markley (SBN 291785)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: smarkley@nicholaslaw.org

Attorneys for Plaintiff
SALAM RAZUKI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALAM RAZUKI, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION, a New Jersey corporation,<br><br>Defendants. | CASE NO. 3:18-cv-03344<br><br>**CLASS ACTION COMPLAINT**<br><br>**1. VIOLATION OF THE CALIFORNIA UNFAIR BUSINESS PRACTICES ACT (CAL. BUS. & PROF. CODE § 17200, *ET. SEQ.*); AND**<br><br>**2. BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SALAM RAZUKI, individually and on behalf of others similarly situated, brings this action against Defendant FREEDOM MORTGAGE CORPORATION, a New Jersey corporation, and alleges on information and belief as follows:

## I. INTRODUCTION AND STATEMENT OF FACTS

1. This consumer fraud class action is based on Defendant FREEDOM MORTGAGE CORPORATION's ("Defendant") direct, *per se* violation of California laws requiring a mortgage lender making loans secured by property located in California to pay the borrower a minimum of 2% interest for money received in advance from the borrower for tax and insurance. Defendant, like many

mortgage lenders, require a large percentage of their borrowers to maintain an impound escrow account in connection with their mortgage. Defendant collects money from their borrowers in advance and places it in the escrow account to pay the property tax and insurance on the property. When the property tax and insurance becomes due, Defendant pays it directly from the borrower's escrow account.

2. These additional and significant deposits made by the mortgagor to maintain the escrow account are the borrowers' funds in which mortgage lenders have use of for investment, and therefore, California law requires that the mortgage lenders, including Defendant, pay at least 2% interest on the monies to the borrowers.

3. California Civil Code section 2954.8(a) mandates:

> (a) **Every financial institution that makes loans upon the security of real property** containing only a one- to four-family residence and located in this state or purchases obligations secured by such property and that receives money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, **shall pay interest on the amount so held to the borrower. The interest on such amounts shall be at the rate of at least 2 percent simple interest per annum.** Such interest shall be credited to the borrower's account annually or upon termination of such account, whichever is earlier.

(Emphasis added.) State escrow interest laws, such as the one set forth in California Civil Code section 2954.8, do not prevent or significantly interfere with the exercise of national bank powers, and Section 2954.8 is not preempted by the National Bank Act ("NBA"). *Lusnak v. Bank of America, N.A.*, 883 F.3d 1185, 1188 (9th Cir. 2018).

4. However, Defendant systematically and uniformly adopted a policy to violate California law by refusing to pay the mandated interest to borrowers, thereby enriching itself on the free use of borrowers' escrow funds that Defendant earns interest on.

5. Plaintiff Salam Razuki entered into mortgage contracts with Defendant, wherein, based on the express terms of the contracts, and the reading into the contract the requirement of Civil Code Section 2954.8(a), he was required to deposit funds into an escrow account, and Defendant would be required to pay interest on the

escrow if applicable laws so required. The boilerplate, adhesive, and non-negotiable terms of the mortgage agreements drafted by Defendant require the escrow account to comply with applicable law.

6. Throughout the term of the mortgage contract, Plaintiff has been required to make approximately $1,045.52 in monthly payments to Defendant, in addition to the regular monthly mortgage payment, for the pre-payment of property tax and insurance on the property. Based on information and belief, Defendant has use of those funds at all times, between the time when such funds were received from Plaintiff to the time when Defendant made tax and insurance payments on Plaintiff's property. However, Plaintiff has never received interest from Defendant on the monies he prepaid, and which monies were held by Defendant for the payment of the property taxes and insurance.

7. Plaintiff has continuously deposited funds into his escrow account, which are due every month for approximately $1,045.52. However, Plaintiff has never received from Defendant interest on the monies he prepaid, and which monies were held by Defendant for the payment of the property taxes and insurance. While the agreements drafted by Defendant in the mortgage required the creation of an escrow account and that Plaintiff deposit funds into the escrow account, there was no contractual agreement that Defendant would be permitted to withhold the interest accrued on these accounts, and instead required that the interest would be handled pursuant to applicable state and federal laws. California Civil Code section 2954.8(a) is an applicable state law. Therefore, Defendant is obligated to comply with this state law, as discussed above, in performing its obligations under the agreements and therefore, pursuant to its own contract as well as specific California law, must pay interest on Plaintiff's impound escrow account.

8. Therefore, Plaintiff, for himself and all others similarly situated (*i.e.*, the members of the Plaintiff Class described and defined within this Complaint), brings this action for restitution and reimbursement, equitable injunctive relief and

declaratory relief, pursuant to the California Unfair Competition Laws ("UCL"), California Business and Professions Code section 17200, *et seq.*; and breach of contract.

## II. PARTIES

9. Plaintiff Salam Razuki is, and all relevant times was, an individual residing in the County of San Diego, California. He is an aggrieved customer of FREEDOM MORTGAGE COMPANY, a New Jersey limited liability company.

10. FREEDOM MORTGAGE COMPANY is, and all relevant times was, a corporation with its headquarters and principal place of business located in Mount Laurel, New Jersey. Defendant enters into mortgage agreements with customers for finance of their homes and, upon information and belief, requires a large percentage of its customers throughout California and many other states to maintain escrow accounts, into which customers deposit significant funds for the payment of property tax and insurance on the property. However, Defendant has systematically and uniformly failed and continues to refuse to pay interest on those funds, in direct, *per se* violation of state and federal laws.

## III. JURISDICTION AND VENUE

11. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, and is between citizens of different States.

12. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) through (d), because Defendant is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District; does substantial business in this District; and is subject to personal jurisdiction in this District.

## IV. CLASS ACTION ALLEGATIONS

13. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

14. Plaintiff brings this action on behalf of himself and all other similarly situated persons as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3).

15. **CLASS PERIOD.** The Class Period shall be defined as four years prior to the filing of this Complaint through the date to be determined by the Court.

16. **CLASS DEFINITION.** The Class is defined as:

> *All mortgage loan customers of Defendant (or its subsidiaries), whose mortgage loan is for a one-to-four family residence located in California, and who paid Defendant money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, and did not receive interest on the amount held by Defendant.*

17. Members of the class will be collectively referred to as the "Class." The Class does not include (1) Defendants, their officers, and/or their directors; or (2) the Judge to whom this case is assigned and the Judge's staff.

18. Plaintiff reserves the right to amend the above class and to add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability, under Rule 23. This action has been brought and may be properly maintained as a class action under the provisions of Rule 23 because the Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Class; the claims or defenses of Plaintiff is typical of the claims or defenses of the Class; and Plaintiff will fairly and adequately protect the interests of the Class:

19. **NUMEROSITY:** The potential members of the Class as defined are so numerous that joinder of all the members is impracticable. While the precise number of Class members has not been determined, Plaintiff is informed and believes that Defendant has access to data sufficient to identify all class members and all relevant payments.

20. Plaintiff is informed and believes that Class members may be identified through business records regularly maintained by Defendant and its employees and

agents, and through the media, the number, identities, and local of all Class members can be ascertained. Members of the Class can be notified of the pending action by e-mail, mail, and supplemented by published notice, if necessary.

21. **ADEQUACY OF REPRESENTATION:** The representative Plaintiff is fully prepared to take all necessary steps to fairly and adequately represent and protect the interests of the class defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys are highly experienced in consumer class action litigation. Plaintiff intends to prosecute this action vigorously.

22. **COMMON QUESTIONS OF LAW AND FACT:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff's and the claims of the Class concerning:

   a. Whether Defendant violated California Civil Code section 2954.8(a) by failing to pay interest on borrowers' money it held for pre-payment of property taxes, insurance, and other purposes;

   b. Whether Defendant has systematically engaged in a conduct that is a *per se* violation of state and federal laws with respect to the disbursement of the interest accrued on escrow accounts back to the customers;

   c. Whether Defendant's conduct breached the mortgage agreements with its customers;

   d. Whether Defendant must provide damages, restitution, and/or reimbursement to borrowers in the amount of unpaid interest on funds held in impound escrow accounts based on the causes of action asserted here; and

   e. Whether injunctive relief is appropriate to prohibit Defendant from engaging in this type of conduct in the future.

23. **TYPICALITY:** The claims of the Plaintiff are typical of the claims of all members of the Class. Plaintiff, like all other members of the Class, has sustained damages arising from Defendant's violations of the laws as alleged herein. The representative Plaintiffs and the members of the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic, and pervasive pattern of misconduct engaged in by Defendant.

24. **SUPERIORITY OF A CLASS ACTION:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the Classes predominate over questions affecting only individual Class members. Each Class member has been damaged and is entitled to recovery due to Defendant's conduct described in this Complaint. A class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judiciary. Plaintiff is unaware of any difficulties likely to be encountered in this action that would preclude its maintenance as a class action.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF CALIFORNIA UNFAIR BUSINESS PRACTICES ACT
### (CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*)

25. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

26. The Unfair Business Practices Act defines unfair business competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. The Act also provides for injunctive relief, restitution, and disgorgement of profits for violations.

27. Defendant's unlawful, unfair, and fraudulent business acts and practices are described throughout this Complaint and include, but are not limited to the following. Defendant has and continues to engage in a practice of failing to pay interest to its borrowers on impound escrow account, as required by the laws of

California, thereby illegally profiting from the use of interest free funds in thousands of mortgage accounts. This is a *per se* violation California Civil Code section 2954.8 and United States Code, title 15, section 1639d(g).

28. Plaintiff and the Class have suffered injury in fact as a direct result of Defendants' failures, as described in the preceding paragraphs and as will be detailed through discovery. As such, Plaintiff and the Class request damages in an amount to be proven at trial and also seek injunctive relief as prayed for below.

29. Pursuant to Business & Professions Code section 17203, Plaintiff seeks an order requiring Defendants to immediately cease such acts of unlawful, unfair and fraudulent business practices. If Defendant is not enjoined from engaging in the unlawful business practices described above, Plaintiff, the Class, and the general public will be irreparably injured. The exact extent, nature, and amount of such injury is difficult to ascertain at this time.

30. Plaintiff and the Class have no plain, speedy, and adequate remedy at law.

31. Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date. Defendant, if not enjoined by this Court, will continue to engage in the unlawful business practices described above in violation of the UCL, in derogation of the rights of Plaintiff, the Class, and of the general public.

32. Finally, the success of Plaintiff in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the general public. Private enforcement of these rights is necessary as no public agency has pursued enforcement. There is a financial burden incurred in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees from any recovery in this action. Plaintiffs are therefore entitled to an award of attorney's fees and costs of suit pursuant to California Code of Civil Procedure Section 1021.5.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

33. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

34. Defendant was bound by the mortgage agreements with Plaintiff and the Class, and was a signatory thereto.

35. Plaintiff, and all others similarly situated, did all, or substantially all, of the significant things that the agreements required them to do.

36. Meanwhile, Defendant failed to perform the express terms of the agreements which stated Defendant would comply with applicable state and federal law, which included the state and federal law that mandated Defendant pay interest to borrowers for funds collected on an impound escrow account. As such, and as set forth above, Defendant breached an express term of the agreements.

37. As a result, Plaintiff and the Class members have been harmed by Defendant's breach of contract.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the Class, demands judgment against, and general and specific relief from, Defendant as follows:

1. An order certifying the Class as described herein, and appointing Plaintiff and his counsel of record to represent the defined Class;

2. An order enjoining Defendant under California Business and Professions Code section 17203:

    a. To cease such acts and practices declared by this Court to be an unlawful, fraudulent, or an unfair business act or practice, a violation of laws, statutes, or regulations, or constituting unfair competition; and

        b.     To disgorge all profits and compensation improperly obtained by Defendant as a result of such acts and practices declared by this Court to be an unlawful, fraudulent, or unfair business act or practice, a violation of laws, statutes, or regulations, or constituting unfair competition;

3. For damages under the cause of action for breach of contract;

4. For reasonable attorney's fees and costs, pursuant to California Code of Civil Procedure section 1021.5, and other statutes as may be applicable, as well as provided by the contract;

5. For prejudgment and post-judgment interest where allowed by law;

6. For costs of suit incurred herein;

7. For restitution; and

8. For such other and further relief as this Court may deem just and proper.

## VII. **JURY DEMAND**

Plaintiff requests a jury on all triable issues.

Respectfully submitted:

Dated: June 6, 2018                   **NICHOLAS & TOMASEVIC, LLP**

                                        By:    */s/ Craig Nicholas*
                                                Craig M. Nicholas (SBN 178444)
                                                Alex Tomasevic (SBN 245598)
                                                Shaun Markley (SBN 291785)
                                                225 Broadway, 19th Floor
                                                San Diego, California 92101
                                                Telephone: (619) 325-0492
                                                Facsimile: (619) 325-0496
                                                Email: cnicholas@nicholaslaw.org
                                                Email: atomasevic@nicholaslaw.org
                                                Email: smarkley@nicholaslaw.org

                                                Attorneys for Plaintiff